# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA STEWART, | CASE NO. 1:09-cv-1928 SKO |
| Plaintiff, | ORDER GRANTING EXTENSION OF TIME TO FILE DEFENDANT'S RESPONSIVE BRIEF |
| v. | (Doc. 13) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |
| _____/ | |

On July 9, 2010, Plaintiff filed her opening brief. (Doc. 12.) Accordingly, pursuant to the Court's scheduling order and Fed. R. Civ. P. 6(d), Defendant's responsive brief is due by August 12, 2010. (Doc. 6 ¶ 7.)

On August 5, 2010, the parties stipulated to a modification of the scheduling order to provide an extension of time to September 8, 2010, for Defendant to file his responsive brief because of a workload reallocation that caused this case to be recently reassigned to counsel for Defendant. (Doc. 13.)

A court's scheduling order may be modified upon a showing of "good cause," an inquiry that focuses on the reasonable diligence of the moving party. Fed. R. Civ. P. 16(b); *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 n.6 (9th Cir. 2007) (*citing Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

> Good cause may be found to exist where the moving party shows that it diligently assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters that could not have reasonably been foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an amendment once it became apparent that the party could not comply with the scheduling order.

*Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 687 (E.D. Cal. 2009).

Here, Defendant's inability to comply with the Court's deadlines apparently could not have been reasonably foreseen when the Court entered its scheduling order in November 2009. Further, Defendant requested an extension of time to file his responsive brief before its due date and was, therefore, diligent in seeking an extension of time. *Cf. Timbisha Shosone Tribe v. Kennedy*, 267 F.R.D. 333, 336 & n.2 (E.D. Cal. 2010) (defendants failed to demonstrate diligence in seeking to amend opposition to motion because deadline for filing opposition had expired). In sum, Defendant has shown that, even with the exercise of due diligence, he is unable to meet the timetable set forth in the Court's scheduling order. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). The Court, therefore, finds that good cause exists for an extension of time for Defendant to file his responsive brief.

Accordingly, upon the parties' stipulation and for good cause shown, Defendant shall file and serve his responsive brief **by no later than September 8, 2010**. Any reply brief shall be filed and served fifteen (15) days after service of the responsive brief.

IT IS SO ORDERED.

**Dated:     August 6, 2010**                              /s/ Sheila K. Oberto
                                                                          UNITED STATES MAGISTRATE JUDGE